Jacob Markowitz, J.
Motion to punish defendants for contempt for their alleged violations of a December 1, 1970 judgment of this court restraining them from commission of certain deceptive practices in the sale of their franchises and course programs, from making certain representations, and requiring them to follow a specified restitution procedure. Defendants are charged, notwithstanding the order of the court, with engaging in deceptive selling practices by making unwarranted predictions of wealth and success to' potential purchasers, misrepresenting the number of franchises available in the State thus inflating the possibility of refranchising, making false *422 claims as to the availability of their product and labor force to sell the product, giving unfounded assurances of a market for the product, and of otherwise thwarting other provisions of the judgment.
In addition to denying the charges, defendants claim that they are entitled to a jury trial on the ground that if each of the alleged acts óf contempt are proved, defendants would be in jeopardy of receiving sentences aggregating a. large number of years and subject to substantial fines.
A criminal contempt is punishable in this State by a fine not exceeding $250, or by imprisonment not exceeding 30 days or both, in the discretion of the court (Judiciary Law, § 751). A civil contempt is punishable by a fine sufficient to indemnify the aggrieved party for loss or injury, or in the event loss or injury is not shown, a sum not exceeding $250 plus the complainant’s costs (Judiciary Law, § 773).
Before recent pronouncements of the Supreme Court of the United States, it had been the general rule in this State that there was no constitutional right to a jury trial in contempt proceedings (Rankin v. Shanker, 23 N Y 2d 111; People ex rel. Frank v. McCann, 253 N. Y. 221; Snow v. Shreffler, 148 App. Div. 422). In Bloom v. Illinois (391 U. S. 194), it was held that the Federal Constitution guarantees the right to a jury trial in prosecutions for criminal contempt just as it does for other crimes. However, by deciding to treat criminal contempt like other crimes insofar as the right to a jury is concerned (see Duncan v. Louisiana, 391 U. S. 145, 159; Baldwin v. New York, 399 U. S. 66), the court carefully added that “we similarly place it under the rule that petty crimes need not be tried by a jury ”. (Bloom v. Illinois, supra, p. 210.)
In determining the seriousness of an offense in contempt situations, it was held by the same court that the “ most relevant indication ” is the severity of the penalty authorized for its commission (Frank v. United States, 395 U. S. 147, 148). Relying on Cheff v. Schnackenberg (384 U. S. 373), it was held in the Frank case that authorized punishment for criminal contempt up to six months’ incarceration did not mandate a jury trial. This concept was later extended to all crimes in Baldwin (supra).
In this jurisdiction, the authorized punishment for criminal contempt falls far below the six-month standard and places the charges currently dealt with at bar within the category of petty offenses as to which there is no right to a jury trial.
Defendants, however, argue that the multiplicity of charges *423 joined by the State in prosecuting this proceeding compounds it into a serious offense. There is, however, no constitutional requirement of trial by jury merely because several charges are tried together rather than successively (State v. Owens, 54 N. J. 153). The only restriction that there may be is that where the several petty offenses are factually related and arise out of a single event, the punishment might be limited to a total of not more than the maximum for any one petty offense arising out of the single event.
In the matter at bar, we are forced to balance the concept of criminal justice that one shall not be imprisoned unless a jury of his peers finds him guilty against the concept of the inherent right of the judiciary to efficiently administer court proceedings, vindicate the court’s authority, and maintain its dignity. (See Muir v. Muir, 232 So. 2d 225 [Fla.].) In the present situation the latter concept outweighs the former. Interests of time, money, convenience of witnesses may compel courts to jointly try multiple charges, or consolidate cases having similar issues. This, per se, does not convert petty offenses into larger crimes.
The parties being at issue as to whether defendants are in contempt, this matter is referred to Hon. Herald Mazur, Special Referee of this court, to hear and report with recommendations as to whether defendants willfully violated the judgment here involved. Pending receipt of the report the disposition of this motion is held in abeyance.
Counsel are directed to serve a copy of this order within five days after publication hereof on the office of the Referees, Room 308-M, for the purpose of arranging a hearing date.