In the Matter of RICHARD A. HENNESSY, JR., as District Attorney for the County of Onondaga, Petitioner, v WALTER T. GORMAN, as Supreme Court Justice for Onondaga County, et al., Respondents.

Fourth Department, May 21, 1982

### APPEARANCES OF COUNSEL

*Richard A. Hennessy, Jr. (John Cirando* of counsel), petitioner *pro se.*

*Robert Abrams, Attorney-General (Lawrence Zimmerman* of counsel), for Walter T. Gorman, respondent.

*Morris B. Swartz* for Jessie Neal, respondent.

*Lawrence M. Ginsburg* for Willie Carter, respondent.

### OPINION OF THE COURT

*Per Curiam.*

Defendants were indicted by the Grand Jury for the crimes of grand larceny in the third degree and petit larceny. The felony charges of grand larceny in the third degree were dismissed for insufficiency of the evidence presented to the Grand Jury leaving undisposed the misdemeanor charges of petit larceny. On a later appearance, the Supreme Court, with the acquiescence of the District Attorney, granted each defendant an adjournment in contemplation of dismissal (ACD). We hold that an ACD is not available to dismiss charges contained in an indictment.

CPL 170.55 (subd 1) clearly provides that "Upon or after arraignment * * * upon an information, a simplified information, a prosecutor's information or a misdemeanor complaint * * * the court may * * * order that the action be 'adjourned in contemplation of dismissal' ". We should read the statute as it is written and not insert the additional word "indictment". Were we to apply ACD's to indictments, we would circumvent the purpose of CPL 210.40. CPL 170.55 governing ACD's does not require the courts to give any reasons for dismissal, whereas CPL 210.40 authorizing dismissal of indictments in the interest of justice requires the court not only to state its reasons, but also to consider 10 specified factors before granting an order of dismissal. Confidence of the public in the criminal justice system is not enhanced when courts set aside the honest efforts of Grand Jurors without stating the reasons therefor.

Accordingly, the petition should be granted and the order of the respondent vacated and the matter remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.

MOULE, J. (dissenting). The question presented on this proceeding is whether a Justice of the Supreme Court has the authority under CPL 170.55 to grant an adjournment in contemplation of dismissal (ACD) on indicted charges.

On May 29, 1981 the Onondaga County Grand Jury returned an indictment charging Jessie Neal and Willie Carter (defendants) with grand larceny in the third degree (Penal Law, § 155.30, subd 1) and petit larceny (Penal Law, § 155.25). The indictment states that on or about December 19, 1980 defendants stole approximately $400 of meat from Greenhouse Brothers, Inc., located in the Village of East Syracuse.

Defendants appeared in Supreme Court, Onondaga County, on October 21, 1981 before Justice Walter T. Gorman. The only count remaining against the defendants was the charge of petit larceny, the grand larceny count having been dismissed on August 18, 1981 due to insufficiency of the evidence presented to the Grand Jury. Two days prior to their court appearance, defendants had each

entered into a restitution agreement with Greenhouse Brothers, Inc., whereby each was released from any possible civil action in exchange for the receipt of $200.

At the appearance the court was informed that a civil compromise had been entered into regarding restitution; that one defendant had paid in full his share of restitution, with the other defendant's share in the process of collection; and that both defendants were employed. In light of these facts the court considered an ACD a good disposition, but questioned whether it could be granted on an indictment and suggested the alternative of a conditional discharge. Although this was the first time that the District Attorney had been made aware of any restitution, he declined to raise an objection to an ACD because, "It is not my intent to disrupt the settlement." Furthermore, it became apparent that Greenhouse Brothers, Inc., was no longer interested in pursuing the matter because of the civil compromise and that the District Attorney was not interested in prosecution since restitution had been made and the complaining witness did not wish to pursue the matter.

Both defendants were given an ACD on the condition they make restitution and stay out of trouble. Subsequent to the granting of the ACD the District Attorney requested a reconsideration of the disposition which was denied. The Onondaga County District Attorney (petitioner) has instituted this CPLR article 78 proceeding in the nature of mandamus to direct that the action of Justice Gorman in granting the ACD be vacated and the original indictment restored.

The statutory authority for an ACD is found in CPL 170.55: "§ 170.55 Adjournment in contemplation of dismissal. 1. Upon or after arraignment in a local criminal court upon an information, a simplified information, a prosecutor's information or a misdemeanor complaint, and before entry of a plea of guilty thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of the other party, or upon the court's own motion with the consent of both the people and the defendant, order that the action be 'adjourned in contemplation of dismissal' ".

Petitioner first contends that respondent is without authority to grant an ACD since CPL 170.55 is available for use only by a "local criminal court" and not a superior criminal court.

A local criminal court is defined as a District Court, New York City Criminal Court, City Court, Town Court, Village Court, a County Judge sitting as a local criminal court or a Supreme Court Justice sitting as a local criminal court (CPL 10.10, subd 3). The Supreme Court, however, is empowered with general original jurisdiction in law and equity, with exclusive jurisdiction over crimes prosecuted by indictment (NY Const, art VI, § 7, subd a). Additionally, "[i]f the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings", even though the Legislature may provide other courts with jurisdiction over the same proceedings and such proceedings may be originated in such other courts (NY Const, art VI, § 7, subd b). Therefore, once a new cause of action is created by the Legislature, jurisdiction to entertain it automatically vests in the Supreme Court (*Matter of Seitz v Drogheo,* 21 NY2d 181).

Petitioner's first contention is without merit. Although in enacting CPL 170.55, the Legislature authorized the use of an ACD by local criminal courts, the Supreme Court has jurisdiction over the procedure as well. In all likelihood the local criminal court specification exists not to exclude the Supreme Court, but because the statute is the enactment of a common-law procedure known as discharge on own recognizance, which was a device employed in the New York City Criminal Court (1 Waxner, NY Crim Prac, par 6.23, pp 6-66; Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 170.55, p 50). To disallow use of the ACD would seem a violation of the long-standing rule that the Supreme Court has unlimited and unqualified jurisdiction (*Kagen v Kagen,* 21 NY2d 532).

Petitioner's second contention is that an indictment is not "an information, a simplified information, a prosecutor's information or a misdemeanor complaint" which are the only types of accusatory instruments in which a court has the authority to grant an ACD.

A court of record has the power to devise proceedings necessary to carry into effect the powers and jurisdiction possessed by it (Judiciary Law, § 2-b, subd 3). Statutes which are designed to simplify criminal procedure should be liberally construed to reduce the labor and expense of litigants, simplify the practice and expedite justice (McKinney's Cons Laws of NY, Book 1, Statutes, § 325).

The granting of an ACD on the instant indictment, which at the time of disposition consisted solely of a misdemeanor, did not exceed the court's authority. Although an indictment is not included in the list of accusatory instruments contained in CPL 170.55, the use of an ACD was a valid exercise of the court's power to devise necessary proceedings to carry into effect its jurisdiction, which, as is already established, includes the ACD procedure. This result is in accord with the liberal construction applied to criminal procedure statutes to simplify the practice and expedite justice.

The concerns expressed by the majority are obviated by the statutory requirement that the District Attorney consent to the disposition. I would dismiss the petition.

SIMONS, J. P., CALLAHAN, DENMAN and BOOMER, JJ., concur; MOULE, J., dissents and votes to dismiss the petition in an opinion.

Petition granted, order vacated and matter remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.