OPINION OF THE COURT
Chief Judge Cooke.
On rare occasions, a criminal court will make an interlocutory ruling in favor of a defendant that will both *146 affect fundamental rights and have implications reaching far beyond the immediate case in which the order is made. In such situations and when the controversy is purely a legal one, an independent action for declaratory relief against the ruling Judge may be allowed where the circumstances warrant.
Respondent William M. Erlbaum is a Judge of the Criminal Court of the City of New York, New York County. In 1981, two women accused of prostitution, which carries a three-month maximum sentence, appeared before Judge Erlbaum and moved for trial by jury. The defendants argued that CPL 340.40 (subd 2), directing that crimes punishable by not more than six months’ incarceration shall be heard before a Judge, was unconstitutional because it deprived them of their Sixth Amendment right to jury trial and denied them equal protection of the law. The court granted their motion, reasoning that, notwithstanding its relatively minor sentence, prostitution is a “serious” crime with a concomitant -right to trial by jury (see People v Link, 107 Misc 2d 973). The defendants’ equal protection argument was not reached (see id., at p 980).
Petitioner, the District Attorney of New York County, commenced this proceeding to prevent respondent’s order from taking effect. Initially, the matter was instituted under CPLR article 78 to obtain a writ of prohibition. Petitioner moved to convert the proceeding into an action for declaratory judgment after this court stated that prohibition is not available to attack a criminal court’s ruling that a statute denying a trial by jury is unconstitutional (see Matter of Gold v Gartenstein, 54 NY2d 627). Special Term granted the motion to convert and declared that CPL 340.40 (subd 2) is constitutional. The Appellate Division, First Department, affirmed, but without opinion.
Two issues are presented on this appeal. The first is the procedural propriety of an action seeking declaratory relief that, in effect, collaterally attacks a criminal court’s ruling. The other matter, assuming that the action is proper, is whether CPL 340.40 (subd 2) violates the Sixth Amendment.[1]
*147 In determining whether an action for declaratory judgment lies in the present circumstances, it is helpful to distinguish the action from the extraordinary remedy of prohibition, and to examine the policies underlying the decisions limiting the issuance of writs of prohibition.
A writ of prohibition may be obtained only when a clear legal right of a petitioner is threatened by a body or officer acting in a judicial or quasi-judicial capacity “ ‘without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction’ ” (Matter of Dondi v Jones, 40 NY2d 8, 13, quoting Matter of State of New York v King, 36 NY2d 59, 62; see, also, La Rocca v Lane, 37 NY2d 575, 578-579). It may not issue against legislative, executive, or ministerial action (see Matter of Dondi v Jones, supra). The decision to issue the writ is left to the court’s sound discretion, which is to be exercised after consideration of various factors (see id.; La Rocca v Lane, supra). In light of the reluctance to interfere with the normal, orderly administration of justice, an important factor is the adequacy of other legal remedies to correct the asserted error (see Matter of Dondi v Jones, supra; La Rocca v Lane, supra); if there is an adequate “ordinary” remedy, then there is no need to invoke an extraordinary remedy.
With reference to declaratory relief, it should first be noted that it is not an extraordinary remedy (see 1 Anderson, Declaratory Judgments [2d ed], § 197, p 408; Borchard, Declaratory Judgments [2d ed], pp 360-361; cf. Borchard, Declaratory Judgments, 1939, 9 Bklyn L Rev 1, 4,14; Breese, Atrocities of Declaratory Judgments Law, 31 Minn L Rev 575, 579, 595; compare CPLR 3001 with CPLR 7801). Instead, a declaratory judgment “is a remedy sui generis and escapes both the substantive objections and procedural limitations of special writs and extraordinary remedies” (Borchard, Declaratory Judgments, 1939, 9 Bklyn L Rev, at p 14). Unlike prohibition, its use is not limited to reviewing public acts of a judicial nature. Rather, it has broad application, being invoked to declare rights derived from both private and public law (see id., at p 9, & nn 21-29), and from both civil (see, e.g., Quaker Oats *148 Co. v City of New York, 295 NY 527) and criminal statutes (see, e.g., Fenster v Leary, 20 NY2d 309). Critically, declaratory judgment does not entail coercive relief, but only provides a declaration of rights between parties that, it is hoped, will forestall later litigation (see New York Public Interest Group v Carey, 42 NY2d 527, 530-531; Borchard, Declaratory Judgments, 1939, 9 Bklyn L Rev, at p 4; Note, Developments In the Law — Declaratory Judgments — 1941-1949, 62 Harv L Rev 787, 787-790; Note, Effect of Availability of Coercive Relief Upon the Declaratory Judgment, 8 Bklyn L Rev 321). In other words, the declaration in the judgment itself cannot be executed upon so as to compel a party to perform an act or to surrender property.
As with prohibition, granting declaratory judgment is left to the court’s discretion (CPLR 3001). In keeping with the remedy’s nonextraordinary nature, however, the court has a broader power to grant declaratory judgment than it does with prohibition. It may decline to hear the matter if there are other adequate remedies available, and it must dismiss the action if there is already pending between the parties another action in which all the issues can be determined (see Woollard v Schaffer Stores Co., 272 NY 304, 311). The mere existence of other adequate remedies, however, does not require dismissal: “We have never gone so far as to hold that, when there exists a genuine controversy requiring a judicial determination, the Supreme Court is bound, solely for the reason that another remedy is available, to refuse to exercise the power conferred by [the predecessor statutes to CPLR 3001]” (id., at pp 311-312).[2]
In summary, declaratory relief is available in a wider range of circumstances than is prohibition. The jurisdictional impediments to obtaining declaratory judgment are virtually coextensive with those to any normal lawsuit, *149 while a writ of prohibition, by definition, may be granted only in restricted situations. Insofar as strictly jurisdictional factors are concerned, then, there is nothing to bar a District Attorney from seeking an interpretation of a penal statute.
Policy considerations, however, may militate against entertaining an action for declaratory judgment that is instituted to challenge a criminal court’s ruling. On this basis, both declaratory relief and prohibition have been limited as a means for attacking penal statutes or court rulings. On reviewing the reasons underlying those decisions, it is concluded that the action here is proper.
In the past, prohibition was deemed a proper vehicle for challenging an interlocutory order of a criminal court. In People ex rel. Lemon v Supreme Ct. of State of N. Y. (245 NY 24), the court approved the issuance of a writ to prohibit a trial court from enforcing an order requiring the prosecutor to divulge information to a criminal defendant. Chief Judge Cardozo, writing for the court, noted that prohibition was appropriate because the order could not be appealed, that there was no other remedy available, and that “[t]he course of the trial might be changed with the possible result that justice would miscarry, for a penalty of disobedience was to be the exclusion of the evidence” (id., at p 35). This position was tacitly reaffirmed in Matter of Hogan v Rosenberg (24 NY2d 207, revd on other grounds sub nom. Baldwin v New York, 399 US 66). Neither the parties nor the court there questioned the propriety of seeking a writ to prohibit a court from granting a jury trial in direct contravention to a statute.
This position, of course, has been abandoned (see Matter of Gold v Gartenstein, 54 NY2d 627, supra). A court cannot be said to be acting without power merely because it issues an arguably erroneous ruling in a case that is otherwise properly before it (see Matter of State of New York v King, 36 NY2d 59, supra). Of primary concern in King was the potential for “protracted and multifarious appeals and collateral proceedings” that would thereby prevent the speedy disposition of criminal cases (id., at p 63). Prohibition, therefore, may be used for collateral review of an error of law “only where the very jurisdiction and power of *150 the court are in issue” (Matter of Steingut v Gold, 42 NY2d 311, 315).
Declaratory relief, on the other hand, generally seeks a determination of rights before a “wrong” occurs, rather than collateral review of a court’s ruling. In that context, it has been used to test penal statutes. Two tacks have been taken in seeking declaratory relief with regard to criminal laws. First, some have sought a determination whether particular conduct violates some penal law. The other has been to test the constitutional validity of a statute. This court generally has held that the latter is proper; the former is more circumscribed (Matter of Storar, 52 NY2d 363, 382).
The lead case is Reed v Littleton (275 NY 150), in which the owner of a greyhound racing track attempted to obtain a judgment declaring that a complicated “option” plan maintained by him was not a gambling scheme prohibited by the Penal Law. He instituted the action after being acquitted once of illegal gambling, but after the prosecutor had given notice of his intent to file further charges. This court held that declaratory relief was not available because the validity of the statute was not at issue and there was no assurance that the circumstances or the prosecutor’s proof would not vary in the future (see id., at pp 153-154). The court was loath to impede or interfere with the executive branch’s administration of the criminal law, as would occur if the courts decided in civil proceedings whether certain behavior was criminal, but noted that this interference would not occur in declaring the constitutional validity of a statute (see id., at p 156). Finally, the court commented that allowing actions for declaratory judgment in such circumstances would only delay criminal justice, not expedite it (see id., at p 157).
Although a declaratory judgment often revolves around a particular set of facts, “[t]he remedy is available in cases ‘where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved.’ (Dun & Bradstreet, Inc. v. City of New York * * * [276 NY 198, 206]; Bank of Yorktown v. Boland, 280 N.Y. 673). The remedy, however, is not available to restrain the enforcement of a criminal prosecution where *151 the facts are in dispute, or open to different interpretations” (New York Foreign Trade Zone Operators v State Liq. Auth., 285 NY 272, 276). In New York Operators, the plaintiff imported liquor into a trade zone, where it diluted the spirits, repackaged them, and then shipped them to other parts of the United States or to foreign countries. The plaintiff had not obtained a distiller’s license and potentially faced criminal charges as a result. This court approved the use of declaratory relief to determine whether a license was required as “[t]he nature and purpose of the acts here sought to be tested are not disputed” (id., at p 278).
One example of an appropriate use of a declaratory judgment action to challenge a criminal statute further demonstrates the distinction between that remedy and prohibition. In Fenster v Leary (20 NY2d 309, supra), the plaintiff had been thrice arrested and acquitted for vagrancy. After the third arrest, he sought a writ of prohibition on the ground that the penal statute was unconstitutional. The lower courts denied prohibition, which was affirmed on the sole ground that the remedy was discretionary (see Matter of Fenster v Criminal Ct. of City of N. Y., 17 NY2d 641). Having been acquitted for the third time, Fenster sought a declaration that the vagrancy statute was unconstitutional on its face. This court held the procedure to be proper under the circumstances as the plaintiff was challenging the statute’s validity, and not its application to disputed facts (see Fenster v Leary, supra, at p 312).
The task, then, is to determine whether a declaratory judgment may be sought to review an interlocutory criminal court ruling without running afoul of the policies underlying the limitations on obtaining a writ of prohibition in the same circumstances. The primary concerns are to avoid litigating factual issues in proceedings collateral to the criminal trial while also shunning collateral appeals that will delay the criminal trial.
With this in mind, it can be stated that a declaratory judgment attacking a criminal court’s interlocutory ruling may be granted when the controversy is over the validity of a statute, the determination of which does not require *152 resolving any factual disputes, and there is no immediate attempt to prevent the criminal court from proceeding on the course which it has charted by its ruling. Furthermore, the criminal court’s ruling must have an obvious effect extending far beyond the matter pending before it so that it is likely that the issue will arise again with the same result in other cases. Put another way, the situation must be one where it can be assumed that the question will recur in other prosecutions and the criminal court will decide it in the same way. Inasmuch as a defendant always has available a right to appeal, only an application for declaratory relief by the People should-be entertained (see Kelly’s Rental v City of New York, 44 NY2d 700). The recurring nature of the issue, therefore, should pose a risk of significantly obstructing the task of administering criminal justice by imposing an undue burden on prosecutors and the courts. Although this court declines today to expressly limit when such an action may be brought, it is noted that this concern over obstructing the speedy resolution of cases suggests that it is most appropriate when the challenge is to a ruling on how a trial is to be conducted. This “procedural” type of question is also the sort that is likely to recur and to be decided in the same manner regardless of the facts underlying the criminal charges. On the other hand, mere evidentiary rulings would not be proper subjects. Finally, the appropriate parties do not include the individual defendant in the case where the challenged ruling was made; as to him or her, there is another pending proceeding and the controversy has been decided (cf. Woollard v Schaffer Stores Co., 272 NY 304, 311, supra). As a corollary, the action for declaratory judgment cannot seek any injunction against the individual defendant or the criminal court.[3]
Applying these factors to the instant proceeding, it is apparent that declaratory relief is proper. Judge Erlbaum ruled that CPL 340.40 (subd 2) was unconstitutional as applied to prostitution defendants in New York City. The nature of the ruling clearly makes it one that will be repeated unchanged in future prosecutions. Its potential *153 impact on the criminal justice system is manifest from Judge Erlbaum’s own decision. In 1979, a total of only 15 out of 14,247 prostitution cases went to trial in the Manhattan Criminal Court (see People v Link, 107 Misc 2d 973, 980, n 55, supra). It can be expected that, if jury trials were available, far more prostitution defendants would demand trials, which would overwhelm the courts and prosecutors by consuming large amounts of time for selecting juries and would cause unmanageable delays.
In approving the use of declaratory judgment in the present situation, it is incumbent upon this court to caution that this doctrine is to be used carefully and wisely. The extent to which this relief may be invoked remains to be developed.
Having concluded that declaratory relief was a proper remedy under the circumstances here, the merits of the decision below must be addressed. As noted, Judge Erlbaum concluded that prostitution is a “serious” crime and thereby comes within the scope of the Sixth Amendment’s guarantee of a trial by jury. In so holding, he acknowledged the relatively minimal sentence, but reasoned that the length of incarceration was only one of several factors that may be considered.
Respondents devote an extensive portion of their argument to tracing the history of prostitution laws; the legal, moral, and psychological implications of prostitution; and the importance private citizens and public officials place on eradicating prostitution. The effect of respondents’ argument, however, would be to allow each Judge to make a subjective decision on the seriousness of prostitution as an offense requiring a jury trial.
The analysis adopted by respondents stumbles at its threshold. Although earlier cases may have considered various factors of a crime (see, e.g., District of Columbia v Colts, 282 US 63; Schick v United States, 195 US 65; Natal v Louisiana, 139 US 621; Callan v Wilson, 127 US 540), recent Supreme Court decisions have emphasized the length of sentence to the exclusion of virtually everything else. The penalty is deemed of major relevance, a gauge of the locality’s social and ethical judgments on the heinous *154 ness of the offense (see Duncan v Louisiana, 391 US 145, 159-160). “In ordinary criminal prosecutions, the severity of the penalty authorized, not the penalty actually imposed, is the relevant criterion. In such cases, the Legislature has included within the definition of the crime itself a judgment about the seriousness of the offense” (Frank v United States, 395 US 147, 149). In Duncan, it was suggested that all offenses permitting imprisonment for more than six months would be serious crimes requiring jury trial. This objective criterion (see Frank v United States, supra, at p 148) has been elevated into a rule: “[0]ur decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes” (Codispoti v Pennsylvania, 418 US 506, 512).
Under this standard, it must be concluded that, as applied to prostitution charges, CPL 340.40 (subd 2) does not violate the Sixth Amendment. Prostitution is a class B misdemeanor (Penal Law, § 230.00), which is punishable by a maximum imprisonment of three months. Consequently, prostitution is a “petty” offense within the meaning of the Sixth Amendment and, hence, there is no right to a jury trial.
It is worth commenting on the reasons why a subjective standard is not employed. The overriding problem would be the lack of predictability and consistency in determining when a jury trial would be granted. Evaluation of an offense’s “seriousness” could vary from county to county, town to town, or even court to court. As a result, persons charged with identical offenses would find that their right to a jury depended only on the Judge before whom they happened to appear, not on the offense charged.
A second concern is that, in establishing sentences, the Legislature must be presumed to have weighed public opinion and history, and to have been aware of the civil implications of conviction. Indeed, this presumption implicitly underlies the Supreme Court’s emphasis on sentence length as the indicator of a crime’s seriousness. To allow a Judge to weigh these same criteria and reach a *155 different conclusion as to a crime’s seriousness would be to permit an improper usurpation of the legislative function.
As discussed, it is an abuse of discretion for a court to entertain an action for declaratory judgment when there is pending between the parties an action that will fully dispose of the controversy. This error is compounded when the controversy has already been decided. Thus, it was improper for Supreme Court to have heard the action as against respondents Link and Meltsner, the defendants in the criminal action.
Accordingly, the order of the Appellate Division should be modified by striking the declaration that respondents Link and Meltsner are not entitled to a jury trial on the charges of prostitution pending against them in New York City Criminal Court actions bearing Docket Nos. N968606 and N968607 and by dismissing the petition as to respondents Link and Meltsner, and, as so modified, affirmed, without costs.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.

. The parties do not present the equal-protection issue and, therefore, this court does not express any opinion on its merits.

. The effect of other adequate remedies on the availability of declaratory relief has undergone various convolutions. Careful reading of those cases that have mentioned the availability of other remedies reveals that the actual concern was the standard for reviewing the exercise of discretion in dismissing an action (see, e.g., Gaynor v Rockefeller, 15 NY2d 120, 132; Rockland, Light & Power Co. v City of New York, 289 NY 45, 50-51). It is worth noting at this juncture that, in Gaynor and Rockland Light, descriptions of declaratory judgment as an “extraordinary remedy” are misnomers.

. This court states no view on the propriety of the District Attorney’s returning to the criminal court and seeking reargument on the basis of the declaratory judgment.