OPINION OF THE COURT
Edward J. McLaughlin, J.
The defendant is charged in a misdemeanor information with petit larceny (Penal Law § 155.25) arising from a November 16, 1984 incident in which a pocketbook was allegedly taken from Saliva Dimiame. The defendant moves for an order directing that CPL 340.40 (2) be declared unconstitutional or, in the alternative, for an order directing that the current charges be tried before a jury.
CPL 340.40 (2) was amended by Laws of 1984 (ch 673, eff Nov. 1,1984) to provide that the trial of a misdemeanor information in certain demographic areas be before a single judge where the maximum authorized term of imprisonment is six months or less. The Legislature, by this enactment, reduced the maximum period of imprisonment from one year to six months for all but 27 specifically designated Penal Law class A misdemeanors. (See, Penal Law § 70.15 [1] [b].) A defendant, accused of violating a “non-designated” class A misdemeanor is entitled to a jury trial only when that person is believed to be a “second crime offender” (see, CPL 400.14 [1]) and the District Attorney elects to file a second crime offender information prior to trial. The *167 filing of a “second crime offender” information increases the defendant’s maximum exposure from six months to one year on a “non-designated” misdemeanor offense entitling him or her to a trial by jury.
The defendant herein is charged with a nondesignated class A misdemeanor and, from my examination of the court file, appears to be a first offender. She contends, in sum, that petit larceny should be classified as a “serious offense” notwithstanding the recent legislative reduction of the penalty potential for a first time, “non-designated” misdemeanor offender to a penalty below the traditional six-month dividing line between a serious and petty offense. (See, e.g., Duncan v Louisiana, 391 US 145 [1968].)
The Legislature must be presumed to have gouged the locality’s social and ethical judgments on the seriousness of the offense. Additionally, “in establishing sentences, the Legislature must be presumed to have weighed public opinion and history, and to have been aware of the civil implications of [a] conviction * * * this presumption implicitly underlies the Supreme Court’s emphasis on sentence length as the indicator of a crime’s seriousness.” (See, Matter of Morgenthau v Erlbaum, 59 NY2d 143, 154 [1983].) Further, there is a strong presumption that a statute duly enacted by the Legislature is constitutional, only to be overturned when its invalidity can be demonstrated beyond a reasonable doubt. (See, e.g., People v Pagnotta, 25 NY2d 333 [1969]; McKinney’s Cons Laws of NY, Book 1, Statutes § 150.) There has been no such showing in this case.
Accordingly, I conclude that CPL 340.40 (2) as amended by Laws of 1984 (ch 673) is constitutional.
The defendant’s motion is denied in all respects.