■ TONAWANDA HOUSING, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 66295.)—Judgment unanimously affirmed, with costs, for the reasons stated at Court of Claims, Moriarty, J. (Appeal from judgment of Court of Claims, Moriarty, J.—appropriation.) Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of TIMOTHY P. FAUX, Petitioner, v ALDO L. DiFLORIO, as Niagara County Judge, et al., Respondents.—Application unanimously denied and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding petitioner seeks a writ to prohibit his prosecution on counts 1 through 8, 10, and 12 through 17 of indictment No. 7940, now pending in Niagara County Court. A writ of prohibition may be obtained only when a clear legal right of petitioner is threatened by a body or officer acting in a judicial or quasi-judicial capacity " ' "without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" ' " (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147, cert denied — US —, 104 S Ct 486, quoting Matter of State of New York v King, 36 NY2d 59, 62). Prohibition is not available to correct or prevent errors which can be adequately corrected in the ordinary channels of appeal and "even constitutional issues involving errors of substantive or procedural law are not cognizable by way of prohibition [citations omitted]" (La Rocca v Lane, 37 NY2d 575, 580, cert denied 424 US 968). Since the merit of the issues presented by petitioner here may be properly addressed on appellate review, the remedy of prohibition will not lie. (Article 78.) Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.