■ In the Matter of SOL GREENBERG, as Albany County District Attorney, Petitioner, v JOHN G. TURNER, JR., as Albany County Judge, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to prohibit respondent John G. Turner, Jr., from closing a courtroom prior to the adjudication of youthful offender status except as permitted under Judiciary Law § 4.

In November 1985, four persons were indicted in Albany County for class B felonies. All four subsequently were arraigned before respondent Albany County Judge John G. Turner, Jr., (hereinafter respondent), and pleaded guilty. These defendants then moved for adjudication as youthful offenders and for all further proceedings to be closed to the public. Over the People's objection, respondent granted these motions. In open court, respondent found the defendants to be youthful offenders and vacated their convictions. The People then objected to respondent's procedure in finding the defendants to be youthful offenders without first affording the People an opportunity to object and make a statement pursuant to CPL 380.50 in open court. Respondent stated that such statements would be allowed in chambers as part of the closed sentencing proceedings.

Petitioner commenced this CPLR article 78 proceeding contending that respondent's closure of the proceedings prior to adjudication of the defendants as youthful offenders and without allowing the People an opportunity to oppose the application for youthful offender treatment and make a statement in open court pursuant to CPL 380.50 was not in compliance with Judiciary Law § 4 or CPL 380.50.

This proceeding in the nature of prohibition must be dismissed as the error alleged is an error in substantive law or procedure not appropriate for CPLR article 78 treatment. Specifically, the claimed error is a misinterpretation of CPL 380.50 as it relates to CPL article 720. There is no claim that respondent had no jurisdiction or authority to act at all to sentence the defendants. Accordingly, the instant proceeding does not lie (see, Matter of Hennessy v Gorman, 58 NY2d 806, revg 87 AD2d 29; Matter of Mulvaney v Dubin, 55 NY2d 668, revg 80 AD2d 566).

We also reject petitioner's alternative argument that the proceeding should be converted to a declaratory judgment

action. Although declaratory judgment actions may be utilized to determine the applicability of a statute to a given factual situation, the Court of Appeals instructs us that: "Policy considerations, however, may militate against entertaining an action for declaratory judgment that is instituted to challenge a criminal court's ruling" *(Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 149, *cert denied* 464 US 993). Consequently, the Court of Appeals stated that a declaratory judgment attacking a criminal court's ruling may be granted only where the criminal court's ruling has "an obvious effect extending far beyond the matter pending before it so that it is likely that the issue will arise again with the same result in other cases" *(supra,* at 152). Here, it simply is not obvious that the situation will recur. Indeed, respondent has asserted that the procedure under attack here will be rarely used and was implemented in response to a "unique" situation. Moreover, unlike the case of *Matter of Morgenthau v Erlbaum (supra),* the People concededly have a right of appeal (CPL 450.20 [4]; 450.30 [2]), and three appeals were apparently taken. Accordingly, the issues presented here may be decided by an appellate court and Albany County Court will be bound by any such decision. We therefore decline to convert the proceeding.

Petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.