■ In the Matter of JOHN F. SPENCE, Appellant, v WILLIAM G. McMAHON et al., Constituting the State Commission of Correction, Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered December 7, 1987 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, prohibit respondents from further investigating a specific incident at Clinton Correctional Facility.

On June 28, 1987, petitioner, a correction officer at Clinton Correctional Facility in Clinton County, shot and wounded several inmates who were attacking others in the recreation yard. The State Police, the State Department of Correctional Services and the State Inspector General each conducted an investigation of the incident and concluded that petitioner acted properly. Thereafter, respondents commenced their own investigation for the purpose of issuing a report describing what happened and perhaps recommending improvements in the administration and delivery of services in Clinton Correctional Facility and/or other correctional facilities.

Despite service upon him of a subpoena to appear and testify before respondents regarding the incident under investigation (see, Correction Law § 46 [2]), petitioner did not appear. Instead, petitioner's attorney mailed respondents a letter asking that they withdraw their subpoena on the ground that its issuance exceeded respondents' authority under Correction Law § 45. Thereafter, petitioner commenced this CPLR article 78 proceeding to quash the subpoena, prevent respondents from compelling petitioner to appear before them and enjoin respondents' investigation of the June 28, 1987 incident. As the basis for relief, petitioner alleged that respondents' investigation exceeded their authority and was arbitrary and capricious. Supreme Court dismissed petitioner's application and directed him to comply with respondents' subpoena. This appeal by petitioner ensued.*

Preliminarily, we agree with respondents' position that petitioner's application is in the nature of prohibition which is not an appropriate remedy to challenge purely executive or ministerial actions (see, Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147, cert denied 464 US 993). Prohibition may issue only to prevent or control a judicial or quasi-judicial body or officer from proceeding or threatening to proceed without or in excess of its jurisdiction (supra). Respondents' investigation does not fall into either of these categories. To the extent that petitioner seeks a determination as to whether respondents' investigation exceeds their statutory authority, petitioner's article 78 proceeding can be converted to a declaratory judgment action pursuant to CPLR 103 (c) (see, Matter of Morgen-

---

* Pending the appeal, petitioner has appeared and testified before respondents. This appearance renders moot that portion of the petition seeking to quash the subpoena and enjoin respondents from compelling petitioner to appear before them. It does not, however, render moot that portion of the petition seeking to enjoin respondents' investigation of the June 28, 1987 incident.

*thau v Roberts,* 65 NY2d 749, 751; *Matter of Zuckerman v Board of Educ.,* 44 NY2d 336, 343-344).

On the merits, respondents constitute the State Commission of Correction. In 1975, in response to complaints relating to the administration of State correctional facilities, the Legislature amended statutory provisions relating to the Commission by expanding its powers. The Commission is specifically charged with developing improvements to the administration of correctional facilities (Correction Law § 45 [1]). The Commission is further charged with inspecting and appraising the State correctional facilities' management of safety, disturbance prevention and control preparedness (Correction Law § 45 [3]). In executing these duties, the Commission is empowered to obtain access to any data deemed necessary, including the testimony of officers or employees of a correctional facility (Correction Law § 46 [1]). We do not read these statutes as limiting the Commission's authority only to incidents involving death, as petitioner argues. The investigation of specific incidents such as the one here is essential to the execution of respondents' statutorily imposed obligations.

Judgment modified, on the law, without costs, by converting the proceeding to a declaratory judgment action and declaring that respondents' investigation of the June 28, 1987 shooting incident at Clinton Correctional Facility is within their statutory authority, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.