■ EDGAR P. CONRAD et al., on Behalf of Themselves and All Other Retirees Similarly Situated, Respondents, v EDWARD V. REGAN, as State Comptroller and as Administrator of the New York State Policemen's and Firemen's Retirement System, Appellant. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: In 1985, the City of Buffalo entered into agreements with the Buffalo Police Benevolent Association and Local 282 of the International Association of Fire Fighters establishing a preferred overtime program. In January of 1988, the Comptroller notified the city that pursuant to Retirement and Social Security Law § 302 (9) (d), payments made under the program could not be included in computing a retiree's final salary. Subsequently, the Comptroller's office notified plaintiffs, retired employees covered by the preferred overtime program, that the overtime payments were improperly included in the computation of their "final average salary". Plaintiffs, suing on their own behalf and on behalf of all other persons similarly situated, commenced actions seeking judgments declaring that the agreement with the City of Buffalo was valid and enforceable and that the Comptroller's interpretation of the statute was erroneous. The Comptroller moved to convert the declaratory judgment actions to CPLR article 78 proceedings, for a change of venue from Erie to Albany County, and for dismissal of the proceedings because plaintiffs allegedly failed to exhaust administrative remedies.

Supreme Court correctly concluded that declaratory judgment actions are an appropriate means of seeking relief under these circumstances. An article 78 proceeding is an appropriate means to review the determination of a public official interpreting a statute that he is empowered to administer *(see, Matter of Hoffman v New York State Policemen's & Firemen's Retirement Sys.,* 142 AD2d 854; *Matter of Hohensee v Regan,* 138 AD2d 812, *lv denied* 72 NY2d 807). It is not, however, the exclusive means, and the use of declaratory judgment actions has been approved in appropriate circumstances *(see, Kranker*

*v Levitt,* 30 NY2d 574; *Kleinfeldt v New York City Employees' Retirement Sys.,* 73 Misc 2d 310, *affd* 43 AD2d 914; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.10a). Class action certification is inappropriate in article 78 proceedings *(Matter of Leone v Blum,* 73 AD2d 252, 274, *affd* 53 NY2d 105) and where, as here, plaintiffs have sued on behalf of a class of persons and challenge an administrative determination impacting upon the entire class, a declaratory judgment action is a proper procedural device *(see, Kranker v Levitt, supra; Kleinfeldt v New York City Employees' Retirement Sys., supra).* Under the circumstances, Erie County was a proper venue, and the court's refusal to change venue did not amount to an abuse of discretion. (Appeal from order of Supreme Court, Erie County, Doyle, J.—convert action to proceeding.) Present—Dillon, P. J., Balio, Lawton and Davis, JJ.