■ KEVIN T. SMYLEY, as Director of the Department of Probation of the City of New York, Appellant, v CHARLES J. TEJADA, as Judge of the Family Court, Kings County, Respondent, and BASIL S., by His Father, BASIL S. SR., Intervenor-Respondent.—In an action, *inter alia,* for a judgment declaring that the defendant-respondent exceeded his authority by deleting material from a report prepared by the Department of Probation of the City of New York, the plaintiff Director of the Department of Probation of the City of New York appeals from so much of an order of the Supreme Court, Kings County

(Ramirez, J.), dated June 6, 1989, as (1) denied that branch of its cross motion which was for summary judgment declaring that the defendant-respondent violated applicable laws and exceeded his authority in redacting portions of the report prepared by it, and (2) granted those branches of the motions of the defendant-respondent and the intervenor which were for summary judgment and dismissal of the complaint with respect to those same issues.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The record reveals that, during a juvenile delinquency proceeding concerning the juvenile Basil S., the defendant-respondent, a Judge of the Family Court, Kings County, deleted certain portions of an Investigation and Report (hereinafter report) prepared by the plaintiff Department of Probation of the City of New York and directed the plaintiff to explore the placement of the juvenile using the redacted report. The plaintiff thereafter commenced this action for a judgment declaring, *inter alia,* that the defendant-respondent violated applicable laws and exceeded his authority in taking these actions. The Supreme Court denied declaratory relief with respect to these issues.

It is firmly established that the decision of whether to grant declaratory relief is discretionary in character *(see, Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993).* Moreover, "[d]eclaratory relief * * * generally seeks a determination of rights before a 'wrong' occurs, rather than collateral review of a court's ruling" *(Matter of Morgenthau v Erlbaum, supra,* at 150). Moreover, at the time the Supreme Court issued the order appealed from, the underlying juvenile delinquency proceeding had been concluded, the term of the juvenile's placement had been completed, and the juvenile had reached the age at which he presumably would have no further contact with the Family Court. Furthermore, it does not appear that the Family Court's ruling will have any effect beyond the particular case which was before it, an additional factor which disfavors the granting of declaratory relief *(see, Matter of Morgenthau v Erlbaum, supra,* at 152; *Matter of Greenberg v Turner,* 127 AD2d 909, 910). Accordingly, while we entertain grave doubts as to the propriety of the redaction of the report, and we are particularly troubled by the deletion of the statement of the juvenile's coparticipant in the crime (for which the defendant-respondent provided absolutely no reason on the record), we cannot say that the Supreme Court improvidently exercised its discretion in denying declaratory

relief under the circumstances of this case. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.