OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered June 25, 1992 affirmed.
Defendant was originally charged, under two separate informations, with several misdemeanors and lesser offenses in connection with two altercations between him and his wife allegedly occurring more than one week apart. At the time of trial, the charges remaining for prosecution on the first information were attempted criminal mischief in the fourth degree (Penal Law §§ 110.00, 145.00 [1]) and menacing (Penal Law § 120.15, now designated "menacing in the third degree”), each a class B misdemeanor carrying a maximum authorized jail sentence of three months (Penal Law § 70.15 [2]). The charges encompassed in the second information were ultimately reduced to three class B misdemeanors, viz., attempted third degree assault (Penal Law §§ 110.00, 120.00 [1]), attempted fourth degree criminal mischief (Penal Law §§ 110.00, 145.00 [1]), and attempted second degree criminal contempt (Penal Law §§ 110.00, 215.50 [3]), as well as a single count of harassment (Penal Law § 240.25, now designated "harassment in the second degree” and renumbered Penal Law § 240.26), a violation punishable by a maximum sentence of 15 days (Penal Law § 70.15 [4]).
The informations were consolidated for trial upon the People’s motion and, following a nonjury trial, defendant was convicted only of harassment, for which he was sentenced to a conditional discharge.
We find unpersuasive defendant’s sole appellate point that he was entitled to a trial by jury. Defendant appropriately concedes that each count alleged was a "petty” offense within the meaning of the Sixth Amendment and thus not triable by jury if prosecuted individually (see, Duncan v Louisiana, 391 US 145, 159-162 [petty offenses may be prosecuted in State court without a jury]; Baldwin v New York, 399 US 66, 69 [an offense is petty in nature when the authorized term of imprisonment is six months or less; rule codified in CPL 340.40 (2)]). Defendant nonetheless argues that a jury trial was required since he conceivably could have been sentenced to an *360 aggregate jail term in excess of six months had he been convicted of each of the petty offenses charged in the consolidated dockets.
Adoption of the strict formula urged by defendant, requiring the court to add together the maximum sentences potentially available on individual petty offenses in determining the right to a jury trial, is neither required by constitutional imperative nor urged by any legitimate public policy goal. The central point of inquiry in determining whether a jury trial is required is the seriousness of the offense with which the defendant is charged (see, District of Columbia v Clawans, 300 US 617, 628), and not the sheer number of accumulated offenses tried on a given day or on a given accusatory instrument. It is now undisputed herein that had defendant been tried separately on the two dockets originally filed against him, he would on each occasion have received a single-Judge trial.* The administrative convenience of litigating these multiple charges in one trial did not serve to enhance the ultimate risk faced by the defendant or to somehow transform the "petty” offenses alleged to the level of a "serious” crime (see, People v Erickson, 302 NY 461; State of New York v Koscot Interplanetary, 69 Misc 2d 421, 422-423, affd 39 AD2d 844, appeal dismissed 31 NY2d 857; see also, United States v Lewis, 65 F3d 252; Bruce v Arizona, 126 Ariz 271, 614 P2d 813; cf., United States v Coppins, 953 F2d 86 [4th Cir]; United States v Bencheck, 926 F2d 1512 [10th Cir]; New Jersey v Owens, 54 NJ 153, 254 A2d 97).
What the Court of Appeals stated in upholding the denial of a jury trial in parallel circumstances in People v Erickson (supra, 302 NY, at 467) is instructive here. "The acts [upon] which this defendant [was tried] could have been charged against him in * * * separate informations, and he could have received * * * separate, consecutive, sentences, each up to the maximum limit for a misdemeanor. We do not see how any right of his has been invaded, or how the constitutional jurisdiction of the [trial court] is in any way enlarged by allowing all this to be done under one, rather than under [many] informations.”
Finally, it is neither apparent nor explained how the so-called "aggregate sentence” rule urged by defendant would *361 serve in these circumstances to prevent prosecutorial abuse or curb the threat of excessive punishment, the ideals underlying the Duncan/ Baldwin standard. Indeed, the widespread application of such a rule in our already overburdened criminal justice system would only serve to "overwhelm the courts and prosecutors by consuming large amounts of time for selecting juries and would cause unmanageable delays.” (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 153.)
Ostrau, J. P., and Miller, J., concur.

 Recognizing the settled rule that concurrent rather than consecutive sentences must be imposed for multiple convictions arising from a "single incident or transaction” (Penal Law § 70.25[2]; see, People v Underwood, 52 NY2d 882), defendant acknowledges on appeal that he would have faced no more than six months in jail on each docket upon conviction on all charges.