■ TOWN OF FISHKILL et al., Appellants, v ROYAL DUTCHESS PROPERTIES, INC., et al., Respondents, et al., Defendants. [648 NYS2d 107] —In an action for a judgment declaring, *inter alia,* that the premises commonly known as the Dutchess Mall is subject to taxes, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), entered August 25, 1995, which granted the motion of the defendants Royal Dutchess Properties, Inc., Carl McCall, and the Common Retirement Fund, to convert the action to a proceeding pursuant to CPLR article 78 and to change the venue of the proceeding from the County of Dutchess to the County of Albany.

Ordered that the order is affirmed, with costs.

"It is firmly established that the decision of whether to grant declaratory relief is discretionary in character" (*Smyley v Tejada,* 171 AD2d 660, 661; *see also, Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993). Courts are reluctant to grant a declaratory judgment where adequate relief may be obtained in some other way (*see, Murray Hill Invs. v Adas Yereim, Inc.,* 226 AD2d 602). It is a proper exercise of discretion for the Supreme Court to convert a declaratory judgment action to a proceeding pursuant to CPLR article 78 rather than dismiss the case outright (*see,* CPLR 103 [c]; *Matter of First Natl. City Bank v City of New York Fin. Admin.,* 36 NY2d 87, 94; *Board of Educ. v Allen,* 25 AD2d 659).

In the opinion of the Office of Real Property Services, the de-

fendant Royal Dutchess Properties, Inc., is an "agency of the State". When the action of a State agency or officer is challenged, a declaratory judgment action is not the proper vehicle when review by way of a CPLR article 78 proceeding is available (see, Greystone Mgt. Corp. v Conciliation & Appeals Bd., 62 NY2d 763; Jackson v Biderman, 151 AD2d 400, 401). Here, the court acted within its discretion in converting the declaratory judgment action to a CPLR article 78 proceeding and we find no reason to disturb that determination (see, Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review, 61 NY2d 695; Smyley v Tejada, supra; Conrad v Regan, 155 AD2d 931).

Having properly converted the action to a CPLR article 78 proceeding pursuant to CPLR 103 (c), the court correctly transferred the proceeding to the Supreme Court, Albany County (see, CPLR 506 [b] [2]; Matter of Posner v Rockefeller, 33 AD2d 683, affd 25 NY2d 720). Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.