■ In the Matter of HOWARD R. RELIN, as Monroe County District Attorney, Petitioner, v JOHN J. CONNELL, as Monroe County Court Judge, et al., Respondents, and DENNIS C. VACCO, as Attorney-General of New York State, Intervenor. [674 NYS2d 192] —Petition unanimously granted in part without costs and judgment granted in accordance with the following Memorandum: The People commenced this original CPLR article 78 proceeding seeking, *inter alia,* to prohibit respondent the Honorable John J. Connell from enforcing an order declaring CPL 220.10 (5) (e); 220.30 (3) (b) (vii); and 220.60 (2) (a) unconstitutional. We deny that part of the petition seeking a writ of prohibition (*see generally, Matter of Gold v Gartenstein,* 54 NY2d 627; *Matter of Van Wie v Kirk,* 244 AD2d 13 [decided herewith]). Because this issue is of critical importance and is likely to recur, we grant that part of the petition seeking, in the alternative, to convert the proceeding to a declaratory judgment action (*see,* CPLR 103 [c]; *Matter of Morgenthau v Roberts,* 65 NY2d 749, 751; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 151-152, *cert denied* 464 US 993), and we grant judgment declaring those sections constitutional.

The People contend that the provisions of New York's death penalty statute governing kinds of pleas (CPL 220.10 [5] [e]), those governing pleas to part of an indictment or covering other indictments (CPL 220.30 [3] [b] [vii]) and those governing the change of a plea (CPL 220.60 [2] [a]) do not violate respondent Angel Mateo's right to a jury trial and therefore are constitutional. We agree. Those sections do not grant a defendant the unilateral right to plead guilty and thereby avoid the death penalty, and thus they do not "needlessly encourage[ ]" guilty pleas in violation of defendant's right to demand a jury trial (*United States v Jackson,* 390 US 570, 583; *see, Matter of Hynes v Tomei,* 237 AD2d 52; *see also, Corbitt v New Jersey,* 439 US 212; *North Carolina v Alford,* 400 US 25; *Brady v United States,* 397 US 742). Contrary to Mateo's contention, those provisions do not violate the NY Constitution (*see generally, People v Seaberg,* 74 NY2d 1, 7). Indeed, they provide a defendant charged with a capital crime with an opportunity to plead guilty.

We have reviewed respondents' remaining contentions and conclude that they are without merit.

Consequently, we grant the petition in part, convert the proceeding to an action for a declaratory judgment and grant judgment in favor of petitioner declaring that CPL 220.10 (5) (e); 220.30 (3) (b) (vii); and 220.60 (2) (a) are constitutional. (Original Proceeding Pursuant to CPLR art 78.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.