■ GIGI JORDAN, Appellant, v DORA SCHRIRO, as Commissioner of the New York City Department of Correction, et al., Respondents. [947 NYS2d 92]—

Amended order, Supreme Court, New York County (Anil C. Singh, J.), entered February 10, 2012, which denied plaintiff's motion for a preliminary injunction enjoining defendants from accessing plaintiff's non-privileged telephonic conversations recorded by the Department of Correction (DOC) at Rikers Island, and granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously modified, on the law, to the extent of declaring that DOC is authorized, under 40 RCNY 1-10 (h), to record inmates' non-privileged telephonic conversations, and otherwise affirmed, without costs.

Plaintiff may not employ this declaratory judgment action as a vehicle for obtaining interlocutory appellate review of the ruling of the Supreme Court, New York County, Criminal Term (Charles H. Solomon, J.), dated September 16, 2011 (the suppression ruling), which denied her motion, in effect, to suppress recordings of her telephone conversations made by DOC at Rikers Island (see Matter of Morgenthau v Erlbaum, 59 NY2d 143 [1983], cert denied 464 US 993 [1983]). In Erlbaum, the Court of Appeals clearly stated that declaratory relief may not be sought by a criminal defendant for the purpose of "attacking a criminal court's interlocutory ruling" (Erlbaum, 59 NY2d at 151-152). Plaintiff here admits that the purpose of her declaratory judgment action is to "challenge" and "address the merits

of Justice Solomon's ruling." Moreover, the suppression ruling of which plaintiff seeks interlocutory appellate review is precisely the sort of "mere evidentiary ruling[ ]" which the *Erlbaum* Court indicated "would not be [a] proper subject[ ]" for declaratory relief (59 NY2d at 152).

We note that, in its suppression ruling, the Criminal Term found that plaintiff was on notice that her DOC phone calls might be recorded, that she implicitly consented to such recording by using the phones, and that she had no expectation of privacy in those phone calls. Hence, plaintiff is foreclosed from seeking collateral review of any of those aspects of the Criminal Term's ruling.

By contrast, we note that the Criminal Term acknowledged, but expressly declined to address, plaintiff's contention that DOC's routine recordings were ultra vires. Indeed, the Criminal Term essentially invited plaintiff to relitigate this issue in another forum. Accordingly, the instant declaratory judgment action is properly brought with respect to the single issue of DOC's regulatory authority to record.

On the merits of this issue, however, we reject plaintiff's contention that DOC lacked regulatory authority to engage in recording of telephone conversations. DOC's construction of 40 RCNY 1-10 (h), which expressly authorizes it to "listen[ ] to" or "monitor[ ]" inmate telephone conversations, as permitting it to record such conversations, is not unreasonable or irrational, and should be upheld (*see Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]).

Finally, we note that dismissal of plaintiff's cause of action for a declaration required that Supreme Court declare in favor of defendants, and we modify accordingly (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Concur—Sweeny, J.P., Catterson, Acosta, Freedman and Román, JJ.