Domen Holding Co. v Sanders (2025 NY Slip Op 02871)

Domen Holding Co. v Sanders

2025 NY Slip Op 02871

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 154623/24|Appeal No. 4328|Case No. 2024-07069|

[*1]Domen Holding Co., Plaintiff-Respondent,
v
Geoffrey Sanders, Individually and as the Administrator of the Estate of Irene Aranovich, Defendant-Appellant.

Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for appellant.
Pollack & Sharan, LLP, New York (Adam P. Pollack of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered November 15, 2024, which denied defendant's motion to dismiss the action and strike the complaint, unanimously modified, on the law, to the extent of dismissing the cause of action for punitive damages (fifth cause of action), and otherwise affirmed, without costs.
Defendant failed to establish that the action should be dismissed on the basis that Housing Court, rather than Supreme Court, is the more appropriate forum for the action. Supreme Court has general jurisdiction over plenary real property actions, including those by a landlord against a tenant (see Katz 737 Corp. v Cohen, 104 AD3d 144, 161 [1st Dept 2012]).
Defendant also failed to establish that the causes of action for declaratory relief, a money judgment, possession of the premises, and fraud (first through fourth causes of action) should have been dismissed. The parties dispute whether defendant has the legal right as the decedent's spouse to succeed to the apartment, and the action therefore presents a justiciable controversy warranting declaratory relief (see CPLR 3001; see Morgenthau v Erlbaum, 59 NY2d 143, 147 [1983]; Seneca Ins. Co. v Lincolnshire Mgmt., 269 AD2d 274, 275 [1st Dept 2000]). The complaint also adequately alleged all the elements of a cause of action for fraud with adequate detail (CPLR 3016[b]; see Kaufman v Cohen, 307 AD2d 113, 120 [1st Dept 2003]). Furthermore, contrary to defendant's argument, the documentary evidence presented by defendant is insufficient to conclusively establish a defense to any of the causes of action as a matter of law (CPLR 3211[a][1]; see 150 Broadway N.Y. Assocs., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004]).
However, the fifth cause of action should have been dismissed, as "a separate cause of action for punitive damages is not legally cognizable" (Jean v Chinitz, 163 AD3d 497, 498 [1st Dept 2018]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025