OPINION OF THE COURT
 

 Bellacosa, J.
 

 Defendant-appellant was charged with multiple petty offenses. None carries a maximum term of incarceration greater than six months upon conviction when prosecuted individually. The issue framed for our consideration is whether defendant is constitutionally entitled to a jury trial because the maximum aggregate sentences for the charged offenses, as consolidated, may exceed six months (US Const 6th Amend; NY Const, art I, § 2). The Appellate Term affirmed a judgment of New York City Criminal Court convicting defendant of harassment, after a bench trial, and sentencing him to a conditional discharge. A Judge of this Court granted leave to appeal and we now affirm.
 

 Defendant was originally charged, under two separate informations, with multiple misdemeanors and lesser offenses relating to two altercations with his wife. By the time of the trial, the charges remaining on the first information were attempted
 
 *744
 
 criminal mischief in the fourth degree and menacing. These are classified as class B misdemeanors carrying maximum authorized jail sentences of three months. The charges in the second information were reduced to three class B misdemeanors, attempted third degree assault, attempted fourth degree criminal mischief, and attempted second degree criminal contempt, in addition to a single count of harassment. The latter is a violation punishable by a maximum sentence of 15 days and the others, as class B misdemeanors, are punishable by a maximum sentence of up to three months. Upon motion by the People, the informations were consolidated for trial.
 

 Criminal Court rejected defendant’s demand for a jury trial. Relying on
 
 Baldwin v New York
 
 (399 US 66), it concluded that a jury trial is not constitutionally mandated when the maximum statutory sentence for a petty charge does not exceed six months. Furthermore, the court noted that CPL 340.40 (2) requires a trial before á Judge where no one charge carries an authorized sentence of more than six months. The court reasoned that because the two informations here involved entirely separate incidents which occurred on different dates, there was no constitutional authority or precedent requiring a jury trial.
 

 The Appellate Term held that each count was a "petty” offense within the meaning of the Sixth Amendment and, thus, not triable by jury if prosecuted individually (166 Misc 2d 358). The court found unavailing defendant’s argument that a jury trial was required because he could have been sentenced to an aggregate jail term in excess of six months had he been convicted of more than one of the petty offenses joined under the consolidation. The court reasoned that "[t]he central point of inquiry in determining whether a jury trial is required is the seriousness of the
 
 offense
 
 with which the defendant is charged [citation omitted], and not the sheer number of accumulated offenses tried on a given day or on a given accusatory instrument”
 
 (id.,
 
 at 360). Furthermore, the court noted that "[t]he administrative convenience of litigating these multiple charges in one trial did not serve to enhance the ultimate risk faced by the defendant or to somehow transform the 'petty’ offenses alleged to the level of a 'serious’ crime”
 
 (id.,
 
 at 360). Finally, the court stated that "the widespread application of [an aggregate sentence] rule in our already overburdened criminal justice system would only serve to 'overwhelm the courts and prosecutors by consuming large amounts of time for selecting juries and would cause unmanageable
 
 *745
 
 delays’ ”
 
 (id.,
 
 at 361, quoting
 
 Matter of Morgenthau v Erlbaum,
 
 59 NY2d 143, 153).
 

 Defendant argues that, when a defendant is charged with multiple petty offenses in a joined prosecution, carrying a potential aggregate sentence greater than six months’ imprisonment, both the New York and United States Constitutions mandate that the defendant be afforded a jury trial. Defendant urges this Court to adopt the "aggregate-sentence approach” for determining the constitutional right to a jury trial. We reject defendant’s arguments and agree with the Appellate Term that the determination as to whether a defendant is constitutionally entitled to a jury trial hinges on the seriousness of the offense, not the potential aggregate sentence for a series of petty offenses that may be consolidated for trial.
 

 It is well settled that offenses carrying a maximum statutory term of imprisonment of greater than six months are "serious” offenses for which the New York and United States Constitutions unquestionably afford defendants the right to a jury trial
 
 (see, Baldwin v New York,
 
 399 US 66,
 
 supra; Matter of Morgenthau v Erlbaum,
 
 59 NY2d 143,
 
 supra).
 
 Equally settled is the proposition that offenses carrying sentences of less than six months are "petty” offenses, to which no right to a jury trial attaches
 
 (see, Baldwin v New York, supra; Matter of Morgenthau v Erlbaum, supra).
 
 Courts are required to examine each offense in a prosecution individually and separately, to determine whether the Legislature has ascribed a serious level classification fixed by the measurement of whether any of the individual offenses carry a potential maximum sentence of greater than six months. When a court determines that none does, the defendant is not constitutionally entitled to a jury trial.
 

 In
 
 Matter of Morgenthau v Erlbaum
 
 (59 NY2d 143,
 
 supra),
 
 defendants were charged with multiple counts of prostitution. They challenged the constitutionality of CPL 340.40 (2), which mandates that crimes punishable by imprisonment of six months or less be heard before a Judge. We concluded that the statute did not violate the Sixth Amendment. The Court reasoned that the misdemeanors, each punishable by a maximum term of imprisonment of three months, were "petty” offenses within the meaning of the Sixth Amendment to which there is no right to a jury trial
 
 (id.,
 
 at 154). The Court stated that "[although earlier cases may have considered various factors of a crime [citations omitted], recent Supreme Court decisions have emphasized the length of sentence to the exclusion
 
 *746
 
 of virtually everything else”
 
 (id.,
 
 at 153). Our Court further stressed that "[t]he penalty is deemed of major relevance, a gouge of the locality’s social and ethical judgments on the heinousness of the offense”
 
 (id.,
 
 at 153-154, citing
 
 Duncan v Louisiana,
 
 391 US 145, 159-160).
 

 At one point in time, this Court had even held the view that crimes for which the maximum punishment was not greater than one year of imprisonment were not afforded the constitutional guarantee of a jury trial
 
 (see, Matter of Hogan v Rosenberg,
 
 24 NY2d 207,
 
 revd sub nom. Baldwin v New York,
 
 399 US 66;
 
 People v Erickson,
 
 302 NY 461;
 
 People v Bellinger,
 
 269 NY 265). In
 
 Matter of Hogan,
 
 we stated that "the overburdening caseload existing in the criminal courts of the highly populated City of New York [gave] rise to extraordinary and unique circumstances” which provided a reasonable basis for refusing to permit "the more time-consuming trial by jury of misdemeanors”
 
 (Matter of Hogan v Rosenberg, supra,
 
 24 NY2d, at 218).
 

 The United States Supreme Court rejected that temporal extension of the operating principle and has consistently held that defendants charged with petty offenses, defined as those carrying maximum statutory prison terms of less than six months, are not entitled to a jury trial
 
 (see, Duncan v Louisiana,
 
 391 US 145,
 
 supra; Baldwin v New York,
 
 399 US 66,
 
 supra).
 

 In a significant recent development and instruction to our jurisprudence, the Supreme Court in
 
 Lewis v United States
 
 (518 US —, 116 S Ct 2163) answered the question now posed to us from the perspective of the United States Constitution. There, the defendant was charged with two counts of Federal mail obstruction, each carrying a maximum six-month prison term. The Supreme Court reiterated that the Sixth Amendment’s guarantee of a jury trial is reserved for the prosecution of serious crimes — those carrying a maximum prison term of greater than six months. It held that the compulsory availability of that right is not implicated when a defendant faces a potential aggregate sentence in excess of six months by virtue of being charged with multiple petty offenses in a consolidated proceeding
 
 (Lewis v United States, supra,
 
 518 US, at —, 116 S Ct, at 2165). The Supreme Court stated that "[t]he fact that the petitioner was charged with two counts of a petty offense does not revise the legislative judgment as to the gravity of that particular offense, nor does it transform the petty offense into a serious one, to which the jury-trial right would apply”
 
 (id.,
 
 518 US, at —, 116 S Ct, at 2167).
 

 
 *747
 
 The United States Supreme Court, in its majority expression in
 
 Lewis,
 
 distinguished its prior holding in
 
 Codispoti v Pennsylvania
 
 (418 US 506). The latter case is heavily relied upon by the defendant here in his argument that we adopt a different rule in this area of the law for New York constitutional and jurisprudential purposes. In
 
 Codispoti,
 
 a defendant charged with several charges of criminal contempt was determined to be entitled to a jury trial based on the aggregate penalties actually imposed
 
 (id.,
 
 at 517). The Supreme Court in
 
 Lewis
 
 expressly limited the
 
 Codispoti
 
 rationale based on the absence of a congressional direction pinpointing the seriousness of the distinctive offense of criminal contempt
 
 (Lewis v United States,
 
 518 US —, —, 116 S Ct 2163, 2168,
 
 supra).
 

 We are satisfied that the inescapably interrelated history and development of this Court’s and the United States Supreme Court’s rulings on the right to a jury trial for prosecution of petty offenses dictates an affirmance of the rulings of the courts below. No persuasive justification is presented for us to adopt defendant’s contention that prosecution of consolidated petty offenses, with a potential aggregate sentence in excess of six months, adds up to a constitutionally compelled right to a jury trial. Multiple petty crimes remain "petty” by legislative classification and their nature, and are not transformed by their sheer number alone into matters of a serious level and nature.
 

 Defendant concedes that if he had been tried separately for each of the offenses for which he was charged, a bench trial for each offense would unquestionably have been proper, with no constitutional infirmity. The constitutional imperative of guaranteeing a jury trial for offenses punishable by imprisonment in excess of six months pivots and focuses on the severity of the offense, and that is reflected in the legislative policy classifications designating crime severity and punishment. Because individuals prosecuted for offenses punishable by imprisonment terms of greater than six months are exposed to a deprivation of liberty for serious crimes, the Constitutions provide a precious guarantee of a trial by their peers based on that root of constitutional analysis and protection. That is also the basis of our rationale for the resolution of this appeal and case, not efficiency considerations.
 

 In sum, even in aggregate sentence circumstances for petty offenses, the unalterable fact remains that the defendant is not charged with any offense that qualifies as serious, thus invoking the guarantee of a jury trial. Since it is the discrete petty
 
 *748
 
 offense itself in these circumstances, and not the accumulation of them, which determines the constitutional entitlement to a jury trial, defendant-appellant’s arguments cannot prevail.
 

 Accordingly, the order of the Appellate Term should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order affirmed.