928 A.2d 479 (2007)
2007 VT 41
STATE of Vermont
v.
Nicholas J. PECORA
State of Vermont
v.
Mimi Sheridan.
Nos. 06-303, 06-304.
Supreme Court of Vermont.
May 24, 2007.
*480 Present: REIBER, C.J., DOOLEY, JOHNSON, SKOGLUND and BURGESS, JJ.

ENTRY ORDER
¶ 1. In this interlocutory appeal, the State of Vermont challenges the district court's ruling that it may not use defendants' convictions for driving while ability impaired (DWAI) from the State of New York for purposes of enhancing a charge of driving under the influence (DUI) in Vermont pursuant to 23 V.S.A. § 1211. We hold that a conviction for DWAI is within the scope of § 1211, and that an out-of-state conviction obtained in compliance with the constitution of that state, and the Federal Constitution, may be used for enhancement purposes in Vermont. We therefore reverse.
¶ 2. The relevant facts are few. Defendant Mimi Sheridan was charged with DUI, third offense, in violation of 23 V.S.A. § 1201(a)(1) and § 1201(a)(2); defendant Nicholas Pecora was charged with DUI, second offense, in violation of § 1201(a). In each case, the State used the individual defendant's prior conviction or convictions of DWAI in New York for purposes of enhancing the Vermont charges. Each defendant filed a motion to strike, claiming: (1) the right to a jury trial in Article 10 of the Vermont Constitution prohibits the use of DWAI convictions for enhancement purposes in Vermont because New York law does not afford a DWAI defendant a jury trial; (2) the Vermont Legislature did not intend 23 V.S.A. § 1211, the statute defining a previous DUI violation, to include DWAI because New York law treats DWAI as a traffic infraction, not a criminal charge, and the required showing of impairment for DWAI is lower than it is for DUI in Vermont; and (3) § 1211 is unconstitutionally vague and overbroad. The trial court substantially agreed and granted defendants' motions. It characterized the issue as "a close question," and recognized that numerous other Vermont district courts had reached the opposite result. Nevertheless, it agreed with defendants that the Legislature could not have intended for New York DWAI convictions to be used to enhance Vermont DUI charges because *481 New York has a separate DUI offense that is "clearly analogous to our DUI offense," and New York courts "do not treat DWAI as a prior DUI offense under their own law." The court also acknowledged possible constitutional implications of enhancement of DUI's based on DWAI's because of the different procedural protections afforded by each.
¶ 3. On appeal, the State asserts that the plain language of § 1211 is clear: previous convictions of § 1201 include violations of any "law," Vermont or foreign, related to driving under the influence. The State further contends that the right to a jury trial under Article 10 applies to initial criminal prosecutions in Vermont, not prior convictions from other jurisdictions. Defendants, on the other hand, claim that § 1211 fails to establish a clear "threshold requirement for a predicate offense secured outside the State of Vermont," and that the Legislature could not have intended DWAI's to fall within § 1211 for the reasons outlined above. Defendants also renew the arguments made to the district court that inclusion of DWAI's in § 1211 violates Article 10, and that the statute is unconstitutionally vague and overbroad.
¶ 4. This case turns on the interpretation of a statute, which is a question of law we review de novo. Wright v. Bradley, 2006 VT 100, ¶ 6, 180 Vt. ___, 910 A.2d 893. We first look to the plain language of 23 V.S.A. § 1211. See Travelers Ins. Co. v. Henry, 2005 VT 68, ¶ 11, 178 Vt. 287, 882 A.2d 1133 ("If the Legislature's intent is clear from the plain meaning of the words used, we must enforce the statute according to its terms."). The full text is as follows:
For the purposes of computing offenses under this chapter, references to section 1201 of this title shall be construed to include sections of present or prior law of this or any other jurisdiction which prohibited operating, attempting to operate, or being in actual physical control of a motor vehicle on a highway while under the influence of intoxicating liquor or drugs, or both, or while having 0.08 percent or more by weight of alcohol in the person's blood or an alcohol concentration of 0.08 or more.
23 V.S.A. § 1211. Construction of § 1201  the general prohibition against DUI  as defined here is significant because other provisions, 23 V.S.A. § 1210(c), (d), allow for the enhancement of penalties for subsequent DUI offenses based on previous violations of § 1201.
¶ 5. We find the text of § 1211 unambiguous. A violation of "present or prior law of this or any other jurisdiction" which prohibits the operation of a vehicle while under the influence is tantamount to a violation of § 1201. We agree with the State that the scope of § 1211 is broad. The term "law" is qualified only by the requirement that it relate to operation of a vehicle while under the influence. It is of no import here that DWAI's are traffic infractions in New York, N.Y. Veh. & Traf. Law § 1193 (McKinney 2006) (defining DWAI as a traffic infraction), or that the impairment standard is different from that for DUI in Vermont, assuming arguendo that it is. Nothing in the text suggests that § 1211 is limited to criminal laws or DUI laws that are sufficiently analogous to our own. Cf. People v. Hamalainen, 341 Ill.App.3d 205, 275 Ill.Dec. 280, 792 N.E.2d 511, 514-15 (2003) (construing "similar" in Illinois DUI statute making enhanced penalties dependent on "similar" DUI convictions from other states). "In general, we will not read provisions into [a] statute that are not present unless it is necessary in order to make the statute effective." Elkins v. Microsoft Corp., 174 Vt. 328, 331, 817 A.2d 9, 13 (2002).
*482 ¶ 6. Moreover, the right to a jury trial in Article 10 does not compel us to impute such limitations to § 1211. In State v. Becker, we made clear "our belief that the framers of the Vermont Constitution intended to secure to an accused, in prosecutions for all `criminal offenses', the right of trial by jury." 130 Vt. 153, 156, 287 A.2d 580, 582 (1972) (quoting Vt. Const. ch. I, art. 10). The right to trial by jury in Vermont, therefore, extends to all misdemeanors and felonies, and we have acknowledged that this right is more generous than the protection afforded by the Federal Constitution. See State v. Badger, 141 Vt. 430, 449, 450 A.2d 336, 347 (1982) (explaining this Court's ability to provide greater protection of rights under the Vermont Constitution than those provided under the Federal Constitution); see also Baldwin v. New York, 399 U.S. 66, 69, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (plurality opinion) (limiting right to a jury trial "where imprisonment for more than six months is authorized").[*] Although we have left open the question of whether the right to a jury trial for traffic offenses is statutory or constitutional in Vermont, see State v. Santi, 132 Vt. 615, 616-18, 326 A.2d 149, 150-51 (1974), we have not interpreted the right so broadly as to encompass previous, out-of-state traffic infractions.
¶ 7. Interpretation of Article 10 is not required here in any event, however, because we first must determine which constitutional standard applies to defendants' DWAI convictions  that of Vermont or New York. Defendants urge us to apply ours. In support of this position, defendants, and the trial court, offer State v. Peel, 843 P.2d 1249 (Alaska Ct.App.1992). There, the Alaska Court of Appeals held that a defendant's previous Louisiana conviction for driving while intoxicated could not be used for enhancement purposes in Alaska because the defendant was not afforded the right to counsel in Louisiana, contrary to the scope of that right in Alaska. Id. at 1251. In response, the State correctly notes, however, that other states, in the interests of comity, do not so impose their own constitutional standards on convictions *483 from other jurisdictions. People v. Hamlett, 408 Ill. 171, 96 N.E.2d 547, 549 (1951) ("When the previous conviction has been procured in accordance with the law of the other State, it comes within the intent of the [Habitual Criminal Act], and the . . . Illinois constitution cannot be invoked to prevent use of the previous out-of-state offense . . .,"); State v. Graves, 150 Or.App. 437, 947 P.2d 209, 211 (1997) (holding that Oregon constitutional right to a jury trial applied to Oregon prosecutions and did "not bear on the validity of defendant's out-of-state convictions; rather, the validity of . . . out-of-state convictions should be tested under the constitutional requirements of that jurisdiction or of the [F]ederal [C]onstitution").
¶ 8. The latter approach is consistent with State v. Caron, in which we declined to impose our own protections on the law enforcement practices of other states. 155 Vt. 492, 586 A.2d 1127 (1990). There, we refused to extend the Vermont waiver-of-counsel provisions found in our Public Defender Act to statements taken from the defendants while in New York, even though the statements were subsequently admitted in a Vermont prosecution. Id. at 512, 586 A.2d at 1139. We stated that when a suspect is detained and questioned by police officers in another jurisdiction, "he or she is subject to the statutory protections of that jurisdiction as well as those of the [F]ederal [C]onstitution." Id. Similarly, here, the appropriate measure of validity for defendants' New York convictions is the New York and Federal Constitutions. In Caron, we did not find it "rational to assume that the Vermont [L]egislature wanted to supersede the judgment of another state's legislature in defining when lawyers of that state must be supplied to criminal suspects or how the right to counsel can be waived." Id. at 513, 586 A.2d at 1139. Nor do we find it rational here to assume that the framers of the Vermont Constitution intended that it supersede the constitutional protections afforded by other states with respect to jury trials. Like the Oregon Court of Appeals, we conclude that "prosecutions" in the jury trial provision of our Constitution refers to Vermont prosecutions. Graves, 947 P.2d at 211. We will not impose the requirements of Article 10 on the conviction processes of every other state.
¶ 9. We also note that we are dealing specifically with enhancement of a sentence, not another use of prior adjudications. We have previously stated with respect to sentence enhancement for subsequent DUI's:
The Legislature has seen fit to address the problem of repeat drunk-driving by enacting a recidivism statute that imposes enhanced penalties for each subsequent offense. The increased penalty for a subsequent offense does not repunish a defendant for the first offense, but rather punishes with greater severity the last offense committed by the defendant.
State v. Porter, 164 Vt. 515, 519, 671 A.2d 1280, 1283 (1996). It is within the province of the Legislature to define recidivism and declare its consequences. See State v. Lafountain, 160 Vt. 313, 317, 628 A.2d 1243, 1246 (1993).
¶ 10. Thus, we hold that an out-of-state conviction obtained in compliance with the law of that state, as well as the Federal Constitution, may be used for enhancement purposes under § 1211. Here, defendants' nonjury DWAI convictions were consistent with the New York and Federal Constitutions. See People v. Foy, 88 N.Y.2d 742, 650 N.Y.S.2d 79, 673 N.E.2d 589, 591 (1996) (describing well-settled principle under New York and Federal Constitutions that defendant has *484 no right to a jury trial when the maximum penalty faced is less than six months (citing Baldwin, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437)). The convictions may, therefore, be used for enhancement purposes in § 1211. Furthermore, our holding today in no way detracts from that in State v. Brown, 165 Vt. 79, 85, 676 A.2d 350, 354 (1996). There, we stated that "[a] prior conviction for which a defendant was denied counsel and sentenced to a suspended sentence may not be used for enhancement purposes, whether or not the defendant was actually imprisoned for the offense." Id. Besides addressing only the right to counsel, Brown concerned whether previous convictions obtained in Vermont were consistent with Vermont's Constitution. Id. at 81, 676 A.2d at 351. Here, as explained, the inquiry is whether defendants' convictions are valid under New York law and the Federal Constitution. Brown is not implicated.
¶ 11. Finally, we reject defendants' argument that § 1211 is unconstitutionally vague and overbroad. We have stated that "[a] statute is void for vagueness when it `either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application.'" Kimbell v. Hooper, 164 Vt. 80, 88, 665 A.2d 44, 49 (1995) (quoting Zwickler v. Koota, 389 U.S. 241, 249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967)). The inclusion of all "laws" related to driving under the influence in § 1211 does not violate the guarantees of due process. As noted in another context, the fact that the statute does not enumerate "every act that might constitute a violation" does not render it unconstitutionally vague. In re Illuzzi, 160 Vt. 474, 481, 632 A.2d 346, 349-50 (1993). Furthermore, that DWAI is a "law" of New York related to driving under the influence is not subject to interpretation. Defendants, therefore, cannot claim to have been "`held criminally responsible for conduct which [they] could not reasonably understand to be proscribed.'" State v. Arbeitman, 131 Vt. 596, 601, 313 A.2d 17, 20 (1973) (quoting United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954)).
Reversed and remanded.
NOTES
[*] Here, defendants were not entitled to a jury trial for DWAI under the Federal Constitution. See N.Y. Veh. & Traf. Law § 1193 (providing fine or imprisonment of not more than fifteen days for DWAI). Further, and by way of context, federal case law leaves little doubt that enhancement based on previous, nonjury convictions poses no constitutional problem. In Blanton v. City of North Las Vegas, the Supreme Court held that first-time DUI defendants in Nevada were not entitled to jury trials because their maximum potential sentence did not exceed six months, and additional penalties did not make the offense "serious" for Sixth Amendment purposes. 489 U.S. 538, 543-44, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). The Court declined to address "whether a repeat offender facing enhanced penalties may state a constitutional claim because of the absence of a jury trial in a prior DUI prosecution." Id. at 545 n. 12, 109 S.Ct. 1289. It noted, however, that it "ascribe[d] little significance to the fact that a DUI offender faces increased penalties for repeat offenses. Recidivist penalties of the magnitude imposed for DUI are commonplace. . . ." Id. at 545, 109 S.Ct. 1289. Lower courts have answered the question left open in Blanton and held that previous, nonjury convictions can be used for enhancement purposes under the Federal Constitution. McCullough v. Singletary, 967 F.2d 530, 533-34 (11th Cir.1992) (nonjury juvenile convictions could be used to enhance penalties); United States v. Williams, 891 F.2d 212, 214-15 (9th Cir.1989) (same), cert. denied, 494 U.S. 1037, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990); Westmoreland v. Demosthenes, 737 F.Supp. 1127, 1130 (D.Nev.1990) (nonjury DUI convictions could, under Federal Constitution, enhance penalty for later DUI). Finally, in Custis v. United States, the Supreme Court held that, barring a previous denial of the right to counsel, a defendant has no constitutional right to collaterally attack the validity of prior state convictions used to enhance a sentence under the Armed Career Criminal Act. 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).