2008 VT 19

**Joseph MOONEY v. TOWN OF STOWE**

[950 A.2d 1198]

No. 07-010

*Pearson, J.*

¶ 1. February 8, 2008. Plaintiff Joseph Mooney appeals from summary judgment. The trial court ruled that plaintiff's rights were not violated when defendant Town of Stowe refused to warn a decomposed budget for approval by Australian ballot for the 2006 town meeting, as was mandated by a majority vote of Stowe residents at an earlier special meeting. We affirm.

¶ 2. Plaintiff is a resident of, and registered voter in, the Town of Stowe. In November 2005, he attended a duly warned special town meeting called by the Town selectboard. The agenda for the meeting, as warned, was for legal voters to consider: "Article 1: Shall the Town of Stowe adopt its budget by Australian ballot?" Town voters, including plaintiff, voted first to amend the article and then to allow Australian balloting on a decomposed, i.e., line-item, budget at the annual town meeting. Plaintiff and the majority of voters present ultimately approved the following article:

> Shall the Town of Stowe adopt its budget by Australian ballot wherein the budget is decomposed into at least the following categories: General Government, Public Safety, Recreation and Public Lands, and Highway and Infrastructure? Each category shall be voted upon separately and contain amounts for proposed operational, capital and debt service expenditures.

Despite the vote, the Town acted on the advice of counsel and did not warn a

decomposed budget to be voted by Australian ballot at the 2006 annual town meeting.

¶ 3. In May 2006, plaintiff filed this action for declaratory judgment and an injunction ordering the Town to give effect to the November 2005 vote by allowing the annual budget to be approved in a decomposed format by Australian balloting. He claimed that the Town both violated Vermont law governing municipal elections and abrogated his constitutional right to vote in violation of 42 U.S.C. § 1983 by refusing to honor the article as approved by voters at the special meeting. Both parties filed motions for summary judgment. The trial court granted the Town's motion, holding that any right of plaintiff to vote by Australian ballot is granted by statute and the form of the article approved at the special meeting did not substantially comply with the form prescribed by the relevant statute. See 17 V.S.A. § 2680(c). This appeal followed.

¶ 4. Plaintiff contends that the trial court erred in granting summary judgment to the Town because: (1) the article approved by voters at the town meeting was in substantial compliance with the relevant law, and (2) he was deprived of his constitutional right to have his vote at the special town meeting effectuated.

¶ 5. We review summary judgment decisions de novo, using the same standard as the trial court. *Dulude v. Fletcher Allen Health Care, Inc.*, 174 Vt. 74, 79, 807 A.2d 390, 395 (2002). Summary judgment is appropriate when, giving the benefit of all reasonable doubts and inferences to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; V.R.C.P. 56(c). As the facts in this case are undisputed, our sole task is to determine whether the Town was legally entitled to judgment.

¶ 6. In Vermont towns, "absent some specific statutory limitation on their authority, the selectmen have the general supervisory power over town matters," including the annual budget. *Kirchner v. Giebink*, 150 Vt. 172, 174-75, 552 A.2d 372, 374 (1988). Statutory limitations are imposed on the manner in which town selectboards may present the annual budget to voters. Section 2680(c) of Title 17 specifically provides that a "vote whether to use the Australian ballot system to establish the budget shall be in substantially the following form: 'Shall [the Town of Stowe] adopt its budget by Australian ballot?'" Thus, to the extent that Stowe voters have a right to approve the annual budget by Australian ballot, it is conferred by statute and, to exercise the right, voters must be in compliance therewith.

¶ 7. At the special meeting in November 2005, voters appended an additional condition to the specific article contemplated by § 2680(c). Not only did voters demand that the budget be approved by Australian ballot, they required, by the language of the amended article, that the budget be decomposed and that its individual parts be voted upon separately. The right of towns to vote on the annual budget is conferred by 17 V.S.A. § 2664, and voters generally exercise this right by attending an annual meeting and voting on the budget submitted for approval. Section 2680(c) represents an exception to this general method of voting, allowing voters to approve the annual budget by Australian ballot. Nothing in the plain meaning of § 2680(c), however, authorizes the Town to present a *decomposed* budget to be approved by voters by Australian ballot. See *State v. Pecora*, 2007 VT 41, ¶ 4, 181 Vt. 627, 928 A.2d 479 (mem.) (explaining that we generally give effect to the plain meaning of statutes if clear). On the contrary, the Legislature has given town selectboards the authority to conduct the annual budget vote by Australian ballot only if town voters approve an article in substantial compliance with the language of § 2680(c), which allows for a vote on a complete budget. Because the

condition that the budget be voted on line-by-line was not authorized by statute, the Town was justified in refusing to conduct the vote in that manner.

¶ 8. To the extent that plaintiff relies on Stowe's historical use of the Australian ballot system to vote on decomposed town budgets, his argument is unpersuasive. While the parties agree that Stowe residents voted on decomposed budgets by Australian ballot for a period in the late 1970s and early 1980s, this predated the current language of § 2680, authorizing Australian balloting on complete budgets only if approved in the requisite form by town voters. See 1983, No. 30 (adding new subsection (c) requiring vote whether to use Australian balloting to approve budget to be substantially in the form designated by statute); 1981, No. 239 (Adj. Sess.), § 41 (effective May 4, 1982) (containing "grandfather" clause recognizing validity of votes taken by Australian ballot prior to the effective date of the act, despite failure to comply with procedural requirements of amended § 2680). Furthermore, as the trial court noted, we cannot allow such "[p]eculiarities of town history" to overcome the Legislature's plain intent in enacting § 2680(c). See *Pecora*, 2007 VT 41, ¶ 4.

¶ 9. Plaintiff's claims necessarily rest on the proposition that town voters, having approved an article to do so, have the right to vote on a decomposed budget by Australian ballot. As there is neither an established constitutional right nor a legislatively sanctioned right to do so, plaintiff's claims have no legal basis. Thus, summary judgment for the Town was appropriate.

*Affirmed.*

Motion for reargument denied as untimely filed March 14, 2008.